## EXHIBIT B

Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FREEDOM FOREVER LLC, | Case No. 26-10522 (BLS) |
| Debtor.[1] | |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) CONTINUE
ITS EXISTING CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN ITS BANK
ACCOUNTS AND EXISTING BUSINESS FORMS, AND (D) IMPLEMENT CHANGES
TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY,
(II) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS
OF 11 U.S.C. § 345(b) AND THE U.S. TRUSTEE'S OPERATING
GUIDELINES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") and a final order (this "Final Order") pursuant to sections 105(a), 345(b) and 363(c)(1) of the Bankruptcy Code, Bankruptcy Rules 2015, 6003 and 6004 and Local Rules 2015-1 and 9013-1(m): (i) authorizing, but not directing, the Debtor to (a) continue to operate its existing cash management system, (b) honor certain prepetition obligations related thereto, (c) maintain its existing bank accounts and business forms, and (d) implement any changes to the existing cash management system as the Debtor deems necessary or appropriate, including, without limitation, opening new bank accounts or closing existing bank accounts; (ii) extending the Debtor's time to comply with the requirements of section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines on a final basis; and (iii) granting related relief, all as more fully described in the Motion; and the Court

---

[1]   The Debtor in this case, along with the last four digits of its's federal EIN, is Freedom Forever LLC (8857).  The Debtor's mailing address is 43445 Business Park Drive Suite 110 Temecula, CA.

[2]   Capitalized terms not defined herein are used as defined in the Motion.

having previously entered the Interim Order; and upon consideration of the Declaration of Brett Bouchy in Support of Limited First Day Relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized but not directed to continue to use the Cash Management System, including the Bank Accounts, in the ordinary course of business and to implement any changes to the Cash Management System as the Debtor deems necessary or appropriate to the extent not inconsistent with this Final Order.

3. The Debtor is further authorized but not directed to: (i) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments; (ii) treat the Bank Accounts for all purposes as accounts of the Debtor as a debtor in possession; (iii) deposit funds in and withdraw funds from the Bank Accounts, and withdraw funds from the Bank Accounts, by all usual means, including, without limitation, by check, wire transfer and other methods; (iv) pay the Service Charges, including, without limitation, any undisputed Service Charges regardless of whether such Service Charge arose before, on or after the Petition Date; and (v) otherwise perform its obligations under the documents governing the Bank Accounts.

4.      The Debtor is authorized, but not directed, to honor and pay all undisputed prepetition Service Charges in an amount not to exceed $28,000.00, and the Banks are hereby authorized to debit, charge or deduct, as applicable, such undisputed amounts in the ordinary course of business.

5.      The Debtor is authorized to use, in its present form, all Business Forms and other documents related to the Bank Accounts, without reference to its status as a debtor in possession, *provided*, *however*, that if the Debtor exhausts its existing Bank Accounts check stock during the pendency of this chapter 11 case, the Debtor will order checks with a notation indicating the designation "debtor in possession" and the case number of this case.

6.      The Debtor is authorized to continue performing intercompany transactions arising from or related to the operation of its business in the ordinary course, including transactions with Non-Debtor Affiliates (the "Intercompany Transactions").    In connection with the Intercompany Transactions, the Debtor shall continue to maintain current records with respect to all transfers such that all Intercompany Transactions readily may be ascertained, traced, and properly recorded.  All Intercompany Transactions arising after the Petition Date shall be identified as such and accorded administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

7.      The Debtor is authorized to open new bank accounts or close any Bank Accounts as it may deem necessary and appropriate without further order of this Court; *provided*, *however*, that the Debtor shall provide the U.S. Trustee and counsel to any official committee appointed in this case notice of the opening of any new bank accounts or closing of any Bank Account (which notice may be provided in the form notation on the Debtor's monthly operating report); and *provided further*, to the extent the Debtor opens a new bank account, the Debtor shall

3

open such new bank account(s) at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to immediately execute such an agreement.

8. Except as otherwise expressly provided in this Final Order, the Banks are authorized to: (i) continue to maintain, service and administer the Bank Accounts as accounts of the Debtor's as a debtor in possession and provide related treasury, account and cash management services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Accounts; *provided*, *however*, that any check, draft or other notification that the Debtor advises the Banks to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Banks only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtor as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and (iv) debit or charge the Bank Accounts for all undisputed bank fees, whether arising before, on or after the Petition Date.

9. Subject to the terms of this Final Order, the Banks may rely upon the representations of the Debtor with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Final Order (i) at the direction of the Debtor or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the

4

Debtor or its estate on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Final Order.

10.     In connection with the ongoing utilization of the Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

11.     The Debtor shall have forty-five (45) days to comply with the requirements under Section 345 of the Bankruptcy Code to the extent applicable, without prejudice to the Debtor's right to seek a further extension of time or to seek to deviate from the requirements of section 345(b) of the Bankruptcy Code.

12.     As soon as practicable after entry of this Final Order, the Debtor shall serve a copy of this Final Order on the Banks.

13.     The Debtor is authorized to take, or cause to be taken, all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

14.     The requirements of Bankruptcy Rule 6003(a) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Final Order.

## **EXHIBIT 1**

Debtor's Bank Accounts

|  | Account Holder | Bank Name | Last Four Digits of Account # | Account Type/Purpose |
|---|---|---|---|---|
| 1. | Freedom Forever LLC | City National Bank | 7890 | Operating Account |
| 2. | Freedom Forever LLC | City National Bank | 0689 | Payroll Account |
| 3. | Freedom Forever LLC | City National Bank | 1185 | Account |
| 4. | Freedom Forever LLC | City National Bank | 4651 | Account |
| 5. | Freedom Forever LLC | City National Bank | 4686 | Account |
| 6. | Freedom Forever LLC | City National Bank | 4870 | Deposit Account |
| 7. | Freedom Forever LLC | Bank of America | 3017 | Operating Account |
| 8. | Freedom Forever LLC | Bank of America | 3020 | Payroll Account |
| 9. | Freedom Forever LLC | Bank of America | 2738 | Permit Account |

**EXHIBIT 2**

Funds Flow Diagram

