**<u>Exhibit B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FREEDOM FOREVER LLC, *et al.,* | Case No. 26-10522 (BLS) |
| Debtors.[1] | **Re: __** |

**FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) PAY CERTAIN PREPETITION
EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE
BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (the "Interim Order") and a final order (this "Final Order") pursuant to sections 105(a), 363, 507 and 541 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 6003 and 6004 and Local Rule 9013-1(m), (i) authorizing the Debtor, in its discretion, as deemed necessary to continue to operate and preserve value, to (a) pay all Prepetition Workforce Obligations and (b) honor and continue the Debtor's prepetition programs, policies and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the *Declaration of Brett Bouchy in Support of Limited First Day Relief*; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and

---

[1]   The Debtor in this case, along with the last four digits of its's federal EIN, is Freedom Forever LLC (8857). The Debtors' mailing address is 43445 Business Park Drive Suite 110 Temecula, CA.

[2]   Capitalized terms used but not defined in this Final Order are defined in the Motion.

having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtor is authorized but not directed, in its discretion and business judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations in an amount not to exceed $_____ on a final basis; (ii) pay postpetition Compensation Obligations and Employee Benefit Obligations and honor and continue its programs, policies and practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtor honored and continued such programs, policies and practices before the Petition Date; and (iii) withhold and remit all federal, state and local taxes relating to the Compensation Obligations and Employee Benefit Obligations.

3.      Subject to the requirements of this Final Order, the Debtor is authorized, but not directed, to modify, change, or discontinue any of the Compensation and Benefits Programs, or to implement new programs, policies, and benefits during the pendency of this chapter 11 case without the need for further Court approval; *provided, however*, that the Debtor shall seek Court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

4.      All banks and other financial institutions are hereby directed to receive, process, honor, and pay any and all checks presented for payment and electronic transfer requests made by the Debtor related to the payment of the obligations described in the Motion and

approved herein, whether such checks were presented or such electronic transfer requests were submitted before, or are presented or submitted after, the Petition Date. All such banks and financial institutions are further directed to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Final Order

5. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (f) an admission as to the validity of any liens satisfied pursuant to this Motion, or (g) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

6. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.