**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FREEDOM FOREVER LLC, *et al.,* | Case No. 26-10522 (BLS) |
| Debtors.[1] | **Re: D.I. 6** |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO (A) PAY CERTAIN
PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE
BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order") and final order, pursuant to sections 105(a), 363, 507 and 541 of the Bankruptcy Code, as supplement by Bankruptcy Rules 6003 and 6004 and Local Rule 9013-1(m), (i) authorizing, but not directing, the Debtor, in its discretion, as deemed necessary to continue to operate and preserve value, to (a) pay all Prepetition Workforce Obligations and (b) honor and continue the Debtor's prepetition programs, policies and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto, including the *Declaration of Brett Bouchy in Support of Limited First Day Relief*; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and

---

[1] The Debtor in this case, along with the last four digits of its's federal EIN, is Freedom Forever LLC (8857). The Debtor's mailing address is 43445 Business Park Drive, Suite 110, Temecula, CA.

[2] Capitalized terms not defined herein are used as defined in the Motion.

1

having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtor is authorized but not directed, in its discretion and business judgment, to (i) pay or otherwise honor all Prepetition Workforce Obligations in an amount not to exceed $900,000.00 on an interim basis; (ii) pay postpetition Compensation Obligations and Employee Benefit Obligations and honor and continue its programs, policies and practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtor honored and continued such programs, policies and practices before the Petition Date; and (iii) withhold and remit all federal, state and local taxes relating to the Compensation Obligations and Employee Benefit Obligations.

3. Notwithstanding any other provision of this Order, no payments to or on behalf of any individual employee or temporary staff on account of prepetition obligations shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5); provided, however, that the Debtor's rights are reserved and preserved to seek relief from the Court to make payments in excess of the statutory caps at a later date.

4. Subject to the requirements of this Interim Order, the Debtor is authorized, but not directed, to modify, change, or discontinue any of the Compensation and Benefits Programs, or to implement new programs, policies, and benefits during the pendency of this chapter 11 case without the need for further Court approval; provided, however, that the Debtor

2

shall seek Court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code. Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtor to cash out unpaid vacation/leave time except upon termination of an employee, if applicable state law requires such payment.

5.      All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtor under this Interim Order whether presented prior to or after the Petition Date; *provided*, that sufficient funds are on deposit in the applicable accounts to cover such payments. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Interim Order.

6.      Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtor, Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Curtis S. Miller (cmiller@morrisnichols.com), Andrew Remming (aremming@morrisnichols.com), Jonathan Weyand (jweyand@morrisnichols.com), Brianna N. V. Turner (bturner@morrisnichols.com), and Autumn K. Mueller (amueller@morrisnichols.com); and (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Jonathan Lipshie (jon.lipshie@usdoj.gov) (the "Notice Parties").

7.      The deadline by which objections to the Motion and the final order must be filed and received by the Notice Parties is May 1, 2026, at 4:00 p.m. (prevailing Eastern Time).  A final hearing, if required, on the Motion will be held on May 14, 2026, at 10:30 a.m. (prevailing Eastern Time).  If no objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

8.      Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (d) an agreement or obligation to pay any claims, (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (f) an admission as to the validity of any liens satisfied pursuant to this Motion, or (g) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

9.      The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

10.     The requirements of Bankruptcy Rule 6003(a) have been satisfied because the relief set forth in this Interim Order is necessary to avoid immediate and irreparable harm.

11.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

**Dated: April 17th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

5