**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FREEDOM FOREVER, LLC,[1] | Case No. 26-10522 (BLS) |
| Debtor. | **Requested Hearing Date: May 14, 2026, at 10:30 a.m.**<br>**Requested Objection Deadline: May 7, 2026 at 4:00 p.m.** |

**MOTION OF MERCHANTS FLEET FOR RELIEF FROM**
**THE AUTOMATIC STAY AND FOR ADEQUATE PROTECTION**

Merchants Automotive Group, LLC, successor to Merchants Automotive Group, Inc., in its capacity as lessor or titling trust servicer and Principle Merchants Leasing, Ltd., affiliated with Merchants Automotive Group, LLC (collectively, "**Merchants Fleet**"), respectfully requests that the Court enter an order: (A) granting relief from the automatic stay of 11 U.S.C. § 362(a) so that Merchants Fleet may take all actions reasonable and necessary to repossess and dispose of all Merchants Vehicles (as such term is defined below); (B) under the Court's authority pursuant to 11 U.S.C. §§ 105, 361 and 362, requiring Debtor to cooperate with Merchants Fleet with respect to the repossession and disposition of the Merchants Vehicles; (C) providing adequate protection to Merchants Fleet; and (D) such other relief as is warranted under the circumstances.

In support, Merchants Fleet respectfully represents as follows:

### I.   BACKGROUND

**A.   Debtor's Bankruptcy Appears to be a Liquidation Effort**

1.   Debtor commenced the captioned bankruptcy case by filing its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on April 15, 2026 (the "**Petition Date**").

---

[1]   The Debtor in this case, along with the last four digits of its's federal EIN, is Freedom Forever LLC (8857). The Debtor's mailing address is 43445 Business Park Drive, Suite 110, Temecula, CA.

2.      Debtor's voluntary petition includes as an attachment the Written Consents of the Manager of and holders of the equity in the Debtor. The Written Consents, inter alia, authorize the Authorized Persons (as defined therein, Mr. Bouchy, the manager of the Debtor and the officers of the Debtor) to sell some or all of the Debtor's assets. A reorganization of the Debtor without a sale of some or all -pf the Debtor's assets does not seem to be contemplated. The Written Consents provide in this regard:

<b><u>SALE</u></b>

**RESOLVED,** that the Authorized Persons in the name and on behalf of the Company, be and hereby are, authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate a sale or sales of some or all of the assets of the Company, enter into a potential sale agreement(s) on such terms as the Manager deems appropriate, and to file or cause to be filed a motion with the Bankruptcy Court seeking approval of such sale or sales; and it is further

**RESOLVED**, that the Authorized Persons be, and each acting individually hereby is, authorized, directed and empowered in the name of and on behalf of the Company, to execute, deliver and cause the Company to perform its obligations under such other agreements, instruments and other documents that any Authorized Person may deem necessary or appropriate in connection with the sale agreement in connection therewith, the execution by an Authorized Person to be deemed conclusive evidence of such determination, and such other documents or agreements related thereto that any Authorized Person may deem appropriate for and in the best interests of the Company, each on terms that such Authorized Person may deem necessary, appropriate or advisable for the consummation of the transactions contemplated thereby and hereby, the execution by such Authorized Person to be deemed conclusive evidence of such determination; . . . .

**B.      Merchants Fleet's Relationship With Debtor**

3.      Merchants Fleet owns and leases motor vehicle fleets to its customers either on a long term (*i.e.*, at least 367 days and longer) or shorter term (possibly month to month) basis.

**The Vehicle Lease**

4.  On July 10, 2020, Merchants Fleet and the Debtor entered into the Open-End Master Lease Agreement (the "**Vehicle Lease**"), a true copy of which is attached hereto as **Exhibit A**.

5.  The Vehicle Lease provides for an "open-ended" leasing relationship. There is no set term for the Vehicle Lease. Rather, the Vehicle Lease continues until terminated by either party upon thirty (30) days' written notice. See Vehicle Lease, ¶ 3. The Vehicle Lease requires, in accordance with federal tax and accounting rules and regulations, Debtor to lease each vehicle for a non-cancellable minimum lease term of not less than three hundred sixty-seven (367) days (the "**Minimum Lease Term**"). See Vehicle Lease, ¶ 4.

6.  Monthly rent under the Vehicle Lease is due and payable, in advance, on the first day of each calendar month. See Vehicle Lease, ¶ 8.

7.  Debtor, as lessee, may at its discretion but always subject to the terms of the Vehicle Lease request and obtain vehicles from Merchants Fleet to lease and return to Merchants Fleet vehicles it no longer desires to lease. See Vehicle Lease, ¶¶ 1, 2, and 9. In such regard, the Vehicle Lease further provides, inter alia, for:

(a)  the sale of returned leased vehicles in a commercially reasonable manner, with the net proceeds of sale, subject to the provisions of paragraph 11 of the Vehicle Lease, payable to Merchants Fleet, see Vehicle Lease, ¶ 10; and

(b)  to incentivize Debtor to maintain the value of the leased vehicles by good maintenance, repair and careful use, (i) if net sale proceeds (after costs of sale) exceed a vehicle's Book Value (as defined in the Vehicle Lease), Merchants Fleet retains the net sale proceeds equal to the Book Value and

remits or credits the excess to the Debtor, and (ii) if net sale proceeds are less than Book Value, Debtor, with exceptions set forth in the Vehicle Lease, is obligated to Merchant Fleet for the difference, see Vehicle Lease, ¶ 11.

8.    Among the remedies provided under the Vehicle Lease available to Merchants Fleet upon a default are (i) the right to repossess leased vehicles wherever they may be found (and with Merchants Fleet and its agents having the right to enter upon any premises of or under the control of the Debtor), (ii) recover all expenses incurred to repossess together with reasonable attorneys' fees for enforcement of its rights, (iii) sell the Merchants Vehicles to another party and recover amounts due under paragraph 11 of the Vehicle Lease, (iv) offset any amounts that may be due to Debtor against amounts due to Merchants Fleet, and (v) cancellation of the Vehicle Lease with retention of all rights and remedies thereunder. See Vehicle Lease, ¶ 17.b.

**The Mobility Lease**

9.    On January 10, 2022, Merchants Fleet and the Debtor entered into the Merchants Master Agreement (the "**Mobility Lease**"), a true copy of which is attached hereto as **Exhibit B**.

10.    The Mobility Lease provides for a shorter-term lease of vehicles. Thereunder Debtor may lease vehicles for terms shorter than the Minimum Lease Term required by the Vehicle Lease, often on a month-to-month basis.

11.    The Mobility Lease is terminable by Merchants Fleet, without cause, on ten (10) days written notice to the Debtor or immediately upon receipt by Debtor of written notice of an Event of Default (as defined in the Mobility Lease). See Mobility Lease, ¶ 7.

12.    Among the remedies available to Merchants Fleet under the Mobility Lease upon a default by the Debtor, in addition to recovery of monetary damages, upon reasonable written

4

notice or demand, is the right to repossess all vehicles leased pursuant to the Mobility Lease, wherever located (and in respect of which the Mobility Lease requires Debtor to cooperate with Merchants Fleet). See Mobility Lease, ¶ 7

13.    Merchants Fleet currently leases approximately 1000 vehicles to the Debtor pursuant to the Vehicle Lease and approximately 34 vehicles to Debtor pursuant to the Mobility Lease (collectively, the "**Merchants Vehicles**").

**Prior to the Bankruptcy Debtor Designated 138 Vehicles
for Return to and Disposition by Merchants Fleet**

14.    As it is authorized to do under the terms of the Vehicle Lease, prior to the Petition Date, Debtor had exercised its business decision to voluntarily surrender and return to Merchants Fleet approximately 138 of the Merchants Vehicles leased pursuant to the Vehicle Lease (the "**138 Vehicle Lease Vehicles**").

15.    As of the Petition Date, Debtor had voluntarily surrendered approximately half of the 138 Vehicle Lease Vehicles which, in accordance with the terms of the Vehicle Lease Agreement, had been moved to auction houses and were awaiting sale. The balance of the 138 Vehicle Lease Vehicles were in various stages of the voluntary surrender and return process as of the Petition Date.

16.    By telephone call and e-mail on April 16, 2026, and again by e-mail on April 17, 2026, undersigned counsel for Merchants Fleet inquired with Debtor's counsel with respect to the whether Debtor wished for Merchants Fleet to continue the surrender/repossession and disposition process with respect to the 138 Vehicle Lease Vehicles. No substantive response has been received.

**Debtor is in Default of its Obligations to Merchants Fleet**

17.    As of the Petition Date, Debtor was in default of its obligations to Merchants Fleet under both the Vehicle Lease and the Mobility Lease.

18.     With respect to the Vehicle Lease, Debtor had failed to pay the invoices issued to Debtor for the obligations due and payable as of February 1, 2026, March 1, 2026 and April 1, 2026, in the aggregate amount of $5,034,196. A Statement of Account is attached hereto as **Exhibit C**. Monthly rent due under the Vehicle Lease for May 1, 2026, is in the amount of $1,634,933. Monthly rent under the Vehicle Lease generally accrues at amounts in excess of $1.6 million.

19.     With respect to the Mobility Lease, Debtor had failed to pay the invoices issued to Debtor for the obligations due and payable as of February 1, 2026, March 1, 2026 and April 1, 2026, in the aggregate amount of $149,907. See **Exhibit C**. Monthly rent due under the Mobility Lease for May 1, 2026, is in the amount of $48,190. Monthly rent due under the Mobility Lease accrues in the approximate amount of $50,000.

## II.      RELIEF REQUESTED – RELIEF FROM STAY

20.     Merchants Fleet seeks an order terminating the automatic stay of Section 362(a) of the Bankruptcy Code so that Merchants Fleet may: (i) take all actions reasonable and necessary to continue the voluntary surrender, repossession and auction process with respect to the 138 Vehicle Lease Vehicles that Debtor initiated prior to the Petition Date, (ii) to repossess and obtain possession and/or control of all Merchants Vehicles leased pursuant to the Vehicle Lease and authorizing Merchants Fleet to dispose of such vehicles in accordance with the terms of the Vehicle Lease, and (iii) to terminate the Mobility Lease and repossess all Merchants Vehicles leased pursuant to the Mobility Lease. Merchants Fleet also seeks an order requiring Debtor to cooperate with Merchants Fleet in connection with the forgoing including, without limitation, providing information to Merchants with respect to the location of all Merchants Vehicles.

21.     Section 362(d) of the Bankruptcy Code provides, in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if—

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

22.     Merchants Fleet submits that it is entitled to relief from stay with respect to the Merchants Vehicles, as set forth above, under both prongs of Section 362(d).

***Cause for Relief from Stay***

23.     With respect to Section 362(d)(1), cause exists for relief from stay as, inter alia, Debtor has not offered adequate protection of Merchants' interests in the Merchants Vehicles.

24.     Merchants Fleet submits its interest in the Merchants Vehicles cannot be adequately protected against Debtor's continued possession and use of them unless:

(a)     Merchants Fleet receives appropriate reimbursement in rent now and going forward notwithstanding Section 365(d)(5) of the Bankruptcy Code; and

(b)     Adequate insurance coverage is maintained by Debtor on the Merchants Vehicles; and

(c)     If Debtor seeks to continue with the voluntary surrender of the 138 Vehicle Lease Vehicles, and otherwise to the extent Debtor seeks to voluntarily surrender any other of the Merchants Vehicles, that Debtor reasonably

cooperate with Merchants Fleet to effect and facilitate repossession of the Merchants Vehicles including, without limitation, providing Merchants Fleet with all relevant information about the location of the Merchants Vehicles and provide access to the Merchants Vehicles.

25.     Cause for relief from stay further exists due to the nature of the termination provisions in the agreements. Merchants Fleet has the absolute right to terminate the Mobility Lease on ten (10) days' written notice and to terminate the Vehicle Lease on thirty (30) days' written notice. Further the Mobility Lease is terminable immediately upon receipt by Debtor of written notice of an Event of Default. Of course, upon termination Debtor no longer would have any enforceable leasehold interest in any of the Merchants Vehicles and Merchants Fleet would have the right to repossess them.

26.     With respect specifically to the 138 Vehicle Lease Vehicles, cause exists for relief from stay for Merchants Fleet continue, with Debtor's cooperation, the voluntary surrender, repossession and auction process without regard to notions of cause that may be applicable to all the Merchants Vehicles and/or the termination or not of the Vehicle Lease and the exercise of a repossession remedy upon such termination. Debtor exercised its business judgment prior to bankruptcy to voluntarily return the 138 Vehicle Lease Vehicles to Merchants Fleet for disposition in accordance with the terms of the Vehicle Lease. That decision was made by Debtor just a short time prior to the Petition Date. Merchants Fleet submits that the Debtor's business decision likely was made in the context of its consideration that a bankruptcy soon could or would be commenced and in any event the decision to file does not impact the business decision made.

27.     Moreover, while Merchants Fleet is put in a position of limbo with respect to the 138 Vehicle Lease Vehicles rental charges under the Vehicle Lease continue to accrue, including

8

on vehicles no longer on Debtor's possession, and with respect to which, based on its decision to return them Debtor has no use for. In addition, storage charges will be levied by the auction houses where the approximate half of the 138 Vehicle Lease Vehicles are located and awaiting auction, which charges are Debtor's obligation under the Vehicle Lease. Accordingly, proceeding now with the voluntary surrender and disposition process as to the 138 Vehicle Lease Vehicles likely will reduce Debtor's obligations as to such vehicles and may potentially increase the net sale proceeds for such vehicles, both of which ultimately are a benefit to the Debtor and its estate.

***Section 362(d)(2): No Equity / Not Necessary for Reorganization***

28.     Merchants Fleet owns the Merchants Vehicles. The Debtor has no ownership interest in the Merchants Vehicles and has no right to sell them. Moreover, under the terms of the Vehicle Lease, any net sale proceeds from disposition of vehicles is remitted to the Debtor only if the Debtor is not in default of its obligations to Merchants Fleet, in which case Merchants Fleet is entitled to the net sale proceeds until all obligations have been paid in full.

29.     Accordingly, Debtor has no equity in the Merchants Vehicles as contemplated by Section 362(d)(2).

30.     The Merchants Vehicles also are not necessary for Debtor's reorganization. The authority provided in connection with Debtor's bankruptcy filing is for the Debtor to sell some or all of its assets. That authority did not contemplate a reorganization of the Debtor's business as a going concern.

***Stay Relief Should Include the Requirement that Debtor Cooperate With Merchants Fleet***

31.     As part of any order granting stay relief to Merchants Fleet, Debtor should be required to provide all relevant information to Merchants Fleet with respect to the location of all

Merchants Vehicles and should be ordered to cooperate in providing access to Merchants Fleet in order to facilitate repossession of the Merchants Vehicles.

32.     Merchants Fleet submits that such information and cooperation is necessary and appropriate for at least two reasons: (1) it is necessary as adequate protection of Merchants Fleet's interests, and (2) such will allow for a more efficient and prompt repossession and disposition of the Merchants Vehicles which potentially could reduce Merchants Fleet's claims against the Debtor's estate as well as any recovery to which Debtor ultimately may be entitled to under paragraph 11 of the Vehicle Lease Agreement.

### III.     RELIEF REQUESTED – ADEQUATE PROTECTION

33.     Merchants Fleet requests adequate protection of its interest in the Merchants Vehicles to the extent that relief from stay is not granted as requested herein.

34.     Section 363(e) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e).

35.     Section 361 of the Bankruptcy Code provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1)  requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.

36.     Accordingly, pending assumption or rejection (and/or relief from stay), Merchants Fleet is entitled to adequate protection of its interest in the Merchants Vehicles.  Merchant Fleet's interest in the Merchants Vehicles and the proceeds of such upon disposition as provided in the Vehicle Lease are the types of interests entitled to adequate protection by virtue of Debtor's continued possession and use of the Merchants Vehicles while the automatic stay prevents Merchant Fleet's exercise of its rights and remedies under the Vehicle Lease and/or the Mobility Lease.  *See In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 90 (2d Cir. 2003) (citing, inter alia, 3 *Collier on Bankruptcy* ¶ 361.02 (15th ed. 2003)).

37.     Merchants Fleet submits that adequate protection at a minimum should take the form of (1) timely payment by Debtor of all post-Petition Date amounts due under the Vehicle Lease and the Mobility Lease, and (2) Debtor's maintenance of proper insurance with respect to the Merchants Vehicles as required by the Vehicle Lease and the Mobility Lease.

WHEREFORE, Merchants Fleet respectfully requests that the Court enter an order granting relief for Merchants Fleet as requested herein and such other relief to which Merchants Fleet is or may be entitled under the circumstances.

Dated: April 24, 2026                                                **SAUL EWING LLP**

By:     */s/ John D. Demmy*
John D. Demmy (Bar No. 2802)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6848
Email: john.demmy@saul.com

*Attorneys for Movant Merchants Automotive Group, LLC, successor to Merchants Automotive Group, Inc., in its capacity as lessor or titling trust servicer and Principle Merchants Leasing, Ltd., affiliated with Merchants Automotive Group, LLC*