**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FREEDOM FOREVER LLC, | Case No. 26-10522 (BLS) |
| Debtor.[1] | **Re: D.I. 65** |

**INTERIM ORDER (I) AUTHORIZING AND APPROVING THE**
**SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTOR**
**AND GOODLEAP; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtor to enter into and perform any and all obligations under the Settlement Agreement by and between the Debtor and GoodLeap attached to the Motion as **Exhibit 1**; (b) approving the settlement as set forth in the Settlement Agreement; and (c) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the relief requested in the Motion may be authorized pursuant to Bankruptcy Rule 9019(a) and sections 105(a) and 363(b) of the Bankruptcy Code; and this Court

---

[1]   The Debtor in this case, along with the last four digits of its federal EIN, is Freedom Forever LLC (8857).  The Debtor's mailing address is 43445 Business Park Drive, Suite 110, Temecula, CA 92590.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the Settlement Agreement, or the Program Agreement, as applicable.

1

having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein and as reflected on the record, including as set forth in the Court hearing on April 24, 2026.

2. The final hearing (the "Final Hearing") on the Motion shall be held on May 14, 2026, at 10:30 a.m. (prevailing Eastern Time). Responses or objections to the Motion and entry of a final order with respect to the Motion shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on May 7, 2026 and must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) proposed counsel to the Debtor, Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Curtis S. Miller (cmiller@morrisnichols.com); Andrew R. Remming (aremming@morrisnichols.com); Jonathan M. Weyand (jweyand@morrisnichols.com); Brianna N. V. Turner (bturner@morrisnichols.com); and Autumn K. Mueller (amueller@morrisnichols.com); (ii) counsel to GoodLeap, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Ciara Foster (ciara.foster@kirkland.com) and Margaret Reiney (margaret.reiney@kirkland.com); and (iii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Jonathan Lipshie (jon.lipshie@usdoj.gov).

3. The Debtor and GoodLeap are hereby authorized, on an interim basis, to enter into, perform under, and execute the Settlement Agreement attached to the Motion as **Exhibit 1**;

*provided* that (i) the releases set forth in Section 5 thereof shall be effective only upon entry of the final order; and (ii) no personally identifiable information will be transferred from the Debtor to GoodLeap.

4.      The parties are authorized, on an interim basis, to enter into, perform, execute, and deliver all other documents, and take all other actions, necessary to immediately effectuate the settlement between the Debtor and GoodLeap, in accordance with the terms, conditions, and agreements related thereto, all of which are hereby approved, and to otherwise effectuate the relief granted in this Interim Order in accordance with the Motion.

5.      The Settlement Agreement satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, including sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

6.      To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby modified solely for purposes of implementing the Settlement and not for any other purpose.

7.      The Authorities Having Jurisdictions, Utilities, and other relevant third parties in connection with the GoodLeap TPO Projects are authorized and directed, on an interim basis, to accept the Letter of Authorization authorizing GoodLeap to communicate and act on the Contractor's behalf with the aforementioned parties.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, or the relief granted in this Interim Order and any actions taken pursuant to such relief,: (a) this Interim Order shall be effective immediately and enforceable upon its entry; (b) the parties are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Interim Order; and (c) the parties are authorized and empowered to, and may in their discretion

3

and without further delay, execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the relief granted by this Interim Order.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

10.      This Interim Order shall be binding on the Debtor, its estate, all creditors and parties-in-interest, any successors and assigns of the Debtor, including any trustee appointed in this chapter 11 case or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

11.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: April 24th, 2026**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

4