**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FREEDOM FOREVER, LLC, | Case No. 26-10522 (BLS) |
| Debtor. | **Proposed Hearing Date: May 14, 2026 at 10:30 (ET)**<br>**Proposed Objection Deadline: May 13, 2026 at 12 p.m. (ET)** |

**MOTION OF QII WII GOODS, INC. D/B/A MY IT**
**COPILOT FOR RELIEF FROM THE AUTOMATIC STAY**

Qii Wii Goods Inc. d/b/a My IT CoPilot ("Qii Wii"), hereby moves this Court for entry of an order granting relief from the automatic stay of 11 U.S.C. § 362(a) so that Qii Wii may take all actions reasonable and necessary to terminate certain software licenses with the Debtor (as defined below). In support, Qii Wii respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.     Qii Wii consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d) and 362(d)(2) and Bankruptcy Rule 4001.

1

## BACKGROUND

5.    On April 15, 2026 (the "Petition Date"), the Debtor commenced the captioned bankruptcy case by filing its voluntary petition for relief under Chapter 11 of Title 11 of the United Code (the "Bankruptcy Code").

6.    Qii Wii is a Microsoft Cloud Solution Provider that procures, provisions, and manages Microsoft 365 and Dynamics 365 licensing for business clients through the Microsoft CSP Program. Qii Wii procures licenses through an authorized Microsoft distributor, and provisions them to end clients.

7.    Prior to the Petition Date, Qii Wii and the Debtor entered into a Microsoft Cloud Solution Provider Licensing Agreement dated July 31, 2024, with an effective date of December 4, 2024 (the "CSP Licensing Agreement"). Under the CSP Licensing Agreement, Qii Wii provisions and manages approximately 4,600 Microsoft licenses for the Debtor, including Microsoft 365 E3, Microsoft 365 F3, Dynamics 365, Power BI, and other Microsoft products. The total monthly licensing fee is $140,957.90.  See Declaration of Quiana Deberry in Support of Motion of Qii Wii Goods, Inc. d/b/a My It Copilot for Relief from the Automatic Stay attached hereto as Exhibit "A" (the "Deberry Declaration") at ¶ 4, 6.

8.    Qii Wii's CSP licensing model is a three-tier structure: Microsoft provides licenses to a third-party authorized distributor and that third party authorized distributor provisions licenses to Qii Wii.  In turn, Qii Wii provisions the licenses to the end user.  In the present case, the licenses provisioned to the Debtor under the CSP Licensing Agreement are licensed by Qii Wii from a third-party authorized distributor. Significantly, Qii Wii is contractually obligated to pay the third-party distributor for all licenses provisioned to the Debtor under the CSP Licensing Agreement, regardless of whether the Debtor pays Qii Wii

for its use of the licenses. Accordingly, Qii Wii has incurred and continues to incur significant debt to the third party distributor on account of the provision of the licenses, licensed to the Debtor under the CSP Licensing Agreement.  Deberry Dec. ¶ 8.

9.      Section 6.3 of the CSP License Agreement provides *inter alia*, Qii Wii may terminate the agreement immediately if Client fails to pay any amount when due and such failure continues for fifteen (15) days after written notice.

10.      As of the Petition Date, the Debtor failed to pay Qii Wii for prepetition licensing fees due under the CSP Licensing Agreement in the amount of $262,137.99. Additionally, the Debtor has failed to make any post-petition payments due under the CSP Licensing Agreement.  As of the filing of this motion, the Debtor owes Qii Wii $216,135.45[1] on account of post-petition fees due under the CSP licensing Agreement. Deberry Dec. ¶7 As such, as of the date of this Motion, the amount required for the Debtors to cure its defaults and assume the CSP Licensing Agreement is $478,273.44 and increases on a daily basis. Further, the CSP Licensing Agreement contains an anti-assignment provision and Qii Wii will not consent to assignment of the CSP Licensing Agreement. Deberry Dec. ¶ 5.

11.      Debtor's voluntary petition includes as an attachment the Written Consents of the Manager of and holders of the equity in the Debtor (the "Written Consents"). The Written Consents, *inter alia*, authorize the Authorized Persons (as defined therein, Mr. Bouchy, the manager of the Debtor and the officers of the Debtor) to sell some or all of the Debtor's assets. A reorganization of the Debtor without a sale of some or all of the Debtor's assets does not seem to be contemplated.

---

[1] Qii Wii reserves the right to seek allowance and payment of it administrative claim.

**RELIEF REQUESTED**

12.     Through this Motion, Qii Wii seeks entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that that Qii Wii may take all actions reasonable and necessary to terminate the CSP Licensing Agreement.

13.     Section 362(d) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)     for cause, including the lack of adequate protection of an  interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under  subsection (a) of this section, if—
>
> > (A)     the debtor does not have an equity in such property; and
> >
> > (B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

14.     Qii Wii submits that it is entitled to relief from stay with respect to the CSP Licensing Agreement, as set forth above, under both prongs of Section 362(d).

15.     Termination of pre-petition contracts by a non-debtor party is subject to the automatic stay under section 362(a) of the Bankruptcy Code. *See In re Broadstripe, LLC*, 402 B.R. 646, 656 (Bankr. D. Del. 2009) (finding that the termination process of the subject contract was stayed by operation of the automatic stay pursuant to section 362(a)); *In re Comp. Communs*., 824 F.2d 725, 729 (9th Cir. 1987) (agreeing with the lower courts that

the automatic stay prohibited the nondebtor party from unilaterally terminating the subject contract); *In re Mirant Corp.*, 303 B.R. 319, 327 (Bankr. N.D. Tex. 2003) ("[T]his court shares the view of those courts that hold . . . the stay still applies to prevent unilateral termination and must be modified before the ipso facto clause (or similar default) may be invoked").

16.     Section 362(d)(1) of the Bankruptcy Code provides that "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . ." 11 U.S.C. § 362(d)(1). To modify the stay, the moving party must demonstrate "cause" under section 362(d)(1). *See, e.g., In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr. D. Del. 2011). The Third Circuit has held that section 362(d)(1) does not define "cause," and therefore courts must consider what constitutes "cause" based on the totality of the circumstances in each case. *See, e.g., In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

17.     As to what constitutes "cause" under section 362(d)(1), courts have found that a postpetition breach of a pre-petition contract affords sufficient "cause" under section 362(d)(1) to modify the automatic stay. *See, e.g., In re El Paso Refinery, L.P.*, 220 B.R. 37, 45 (Bankr. W. D. Tex. 1998) ("A post-petition breach . . . might afford sufficient "cause" [under 362(d)(1)] to warrant the court's intervention [to lift the automatic stay]"). Moreover, courts have specifically found that moving under section 362(d)(1) to modify the automatic stay so a frustrated contract counterparty can terminate the subject contract is a mechanism such contract counterparty can take to mitigate risk. *See, e.g., In re 47 Hops LLC*, No. 17-02440-WLH11, 2020 Bankr. LEXIS 1287, at *6-7 (Bankr. E.D. Wash. May 13, 2020).

18.    With respect to Section 362(d)(1), cause exists for relief from stay as, *inter alia*, the Debtor has not paid and has made no provision to pay post-petition licensing fees due and owing to Qii Wii in the amount of $216,135.45.  These post-petition licensing fees continue to accrue on a daily basis.  Section 6.3 of the CSP License Agreement provides Qii Wii may terminate the agreement immediately if Client fails to pay any amount when due and such failure continues for fifteen (15) days after written notice.  Accordingly, Qii Wii has the absolute right to terminate the CSP Licensing Agreement on account of failure to pay licensing fees on fifteen (15) days' written notice.

19.    The Debtor has no ownership interest in the CSP Licensing Agreement or the underlying licensed applications and, pursuant to section 13.3 of the CSP Licensing Agreement, has no right to assign them.  Further, pursuant Qii Wii's "upstream" agreement with its third-party provider, Qii Wii cannot alter the amount or nature of the underlying licensed applications by agreement with the Debtor.

20.    Accordingly, Debtor has no equity in the CSP Licensing Agreement, or the underlying licensed applications as contemplated by Section 362(d)(2).

21.    The CSP Licensing Agreement is also not necessary for the Debtor's reorganization. The Written Consents provided in connection with Debtor's bankruptcy filing is for the Debtor to sell some or all of its assets. That authority did not contemplate a reorganization of the Debtor's business as a going concern.

[*Signature Page to Follow*]

WHEREFORE, Qii Wii respectfully requests that the Court enter an order granting relief for Qii Wii as requested herein and such other relief to which Qii Wii is or may be entitled under the circumstances.

Dated: May 8, 2026

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
JOYCE, LLC
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

Counsel to Qii Wii Goods Inc. d/b/a My IT CoPilot

7